MATTHEW J. SAVAGE BY HIS NEXT FRIEND, JOSEPHINE ALEXANDER, RESPONDENT, v. OTIS ELEVATOR COMPANY, PROSECUTOR.

Submitted October 7, 1947—Decided January 19, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Gerald T. Foley.*

For the respondent, *O'Brien, Brett & O'Brien (Thomas J. Brett,* of counsel).

The opinion of the court was delivered by

COLIE, J.  Matthew J. Savage sustained a punctured eardrum as a result of the improper use of a compressed air hose by a fellow employee.  He filed a petition in the Workmen's Compensation Bureau and was awarded compensation for permanent injuries sustained by him.  The learned Deputy Commissioner who heard the case found as a fact "that the air hose on petitioner's machine was played on petitioner's face on the day in question  *   *   *   in a spirit of horseplay."  On appeal, the Court of Common Pleas entered judgment awarding compensation for permanent disability.  The opinion of the latter court stated the question at issue as follows: "Does the air-gun have so close a relation to the working milieu that injury resulting from its intentional misuse, so easy of occurrence and so vividly within the employer's apprehension, can be said to have arisen out of and in the course of the employment?  We think it does."

We do not agree with the learned Common Pleas Judge and believe that he fell into error.  If the "working milieu"

is to be the test, then the butcher's assistant playfully tapped on the head by a cleaver or cut by a sharp knife in an otherwise harmless burst of horseplay by a fellow employee has sustained an injury arising out of and in the course of the employment.

In *Budrevie* v. *Wright Aeronautical Corp.*, 135 *N. J. L.* 46, Mr. Justices Donges quoted with approval the rule as laid down in *Hulley* v. *Moosbrugger,* 88 *Id.* 161, "that an employer is not liable under the Workmen's Compensation Act to make compensation for injury to an employee which was the result of horse-play or sky-larking, * * * for, while an accident, happening in such circumstances, may arise in the course of, it cannot be said to arise out of, the employment." The *Budrevie* case was affirmed by the Court of Errors and Appeals, 136 *N. J. L.* 198, and is dispositive of the present case.

The judgment below is reversed